NAAGabrP

1   UNITED STATES DISTRICT COURT
     SOUTHERN DISTRICT OF NEW YORK
2   ------------------------------x

3   UNITED STATES OF AMERICA,

4          v.                  20 Cr. 411 (RA)

5   ZISHE ABRAHAM,

6                                Plea
             Defendant.
7   ------------------------------x

8 
                          New York, N.Y.
9                          October 10, 2023
                          2:00 p.m.
10

11  Before:

12                  HON. RONNIE ABRAMS,

13                            District Judge

14
                    APPEARANCES
15

16  DAMIAN WILLIAMS
        United States Attorney for the
        Southern District of New York
17  JILAN KAMAL
        Assistant United States Attorney
18

19  ILANA HARAMATI
        Attorney for Defendant

20

21

22

23

24

25

NAAGabrP

```
1              (Case called)
2              THE DEPUTY CLERK:  Counsel, please state your name for
3    the record.
4              MS. KAMAL:  Good afternoon, your Honor.  Jilan Kamal
5    on behalf of the United States.
6              THE COURT:  Good afternoon.
7              MS. HARAMATI:  Good afternoon, your Honor.  Ilana
8    Haramati on behalf of Zishe Abraham, who is standing to my
9    right as well.
10             THE COURT:  Good afternoon to both of you.
11             So I understand, Mr. Abraham, that you intend to plead
12   guilty to the charge in the superseding information; is that
13   correct?
14             THE DEFENDANT:  Yes.
15             THE COURT:  First of all, I'm going to have my deputy
16   swear you in.
17             (Defendant sworn)
18             THE COURT:  So first of all, have you received a copy
19   of this superseding information?
20             THE DEFENDANT:  Yes.
21             THE COURT:  And have you reviewed it?
22             THE DEFENDANT:  Yes.
23             THE COURT:  Have you discussed it with your attorney?
24             THE DEFENDANT:  Yes.
25             THE COURT:  So the first thing I want to talk about is
```

NAAGabrP

1    just the fact that you are proceeding by way of information

2    instead of an indictment.  Under our legal system, before you

3    can be charged with a felony offense, the government must go to

4    a grand jury, which must decide whether there's probable cause

5    to believe that a crime was committed and that you committed

6    it, and that can result in what's called an indictment.  But

7    you have to understand that by agreeing to proceed by way of

8    information instead of indictment, you are giving up your right

9    to make the government go and get that indictment from a grand

10   jury.

11            Do you understand that?

12            THE DEFENDANT:  Yes.

13            THE COURT:  And I understand that you signed a waiver

14   of indictment form; is that correct?

15            THE DEFENDANT:  Yes.

16            THE COURT:  When you signed this form and, today, as

17   you are waiving indictment, I just want to make sure you

18   understand that you are the agreeing to give up your right to

19   make the government charge you by way of indictment.

20            THE DEFENDANT:  Yes.

21            THE COURT:  And were any threats or promises made to

22   get you to waive indictment, other than what's in the plea

23   agreement?

24            THE DEFENDANT:  No.

25            THE COURT:  And I just want to confirm, counsel, do

NAAGabrP

1   you agree that Mr. Abraham has knowingly and voluntarily waived

2   his right to be charged by a grand jury?

3          MS. HARAMATI:  Yes, I do, your Honor.

4          THE COURT:  So I authorize the filing of the

5   superseding information.

6          Now, I understand that you intend to plead guilty to

7   Count One of the information, which charges you with conspiring

8   to commit wire fraud.  Before deciding whether to accept your

9   plea, I'm going to ask you certain questions so that I can be

10  sure that you understand your rights and that you are pleading

11  voluntarily and because you are guilty and not for some other

12  reason.  It's important that you answer my questions honestly

13  and completely.  So if at any time you are having trouble

14  understanding any of the questions, feel free to let me know or

15  you can just speak to your attorney.

16         Do you understand that?

17         THE DEFENDANT:  Yes.

18         THE COURT:  You should also know that, since you are

19  under oath, if you answer any of my questions falsely, you

20  could be charged with a separate crime of perjury.

21         Do you understand that?

22         THE DEFENDANT:  Yes.

23         THE COURT:  So first, I'm going to start by asking you

24  questions to ensure that you are competent to plead guilty.

25  These are questions that I ask of everyone in your situation.

NAAGabrP

1          How old are you?

2          THE DEFENDANT:  33.

3          THE COURT:  How far did you go in school?

4          THE DEFENDANT:  It's high school.

5          THE COURT:  Did you finish high school?

6          THE DEFENDANT:  Yes.

7          THE COURT:  Are you currently or have you recently

8    been understood the care of a medical professional, a

9    psychiatrist or a mental healthcare provider?

10          THE DEFENDANT:  No.

11          THE COURT:  Have you ever been hospitalized for mental

12    illness, alcoholism or drug addiction?

13          THE DEFENDANT:  No.

14          THE COURT:  In the past 24 hours, have you taken any

15    drugs, medicine or pills or drunk any alcoholic beverages?

16          THE DEFENDANT:  No.

17          THE COURT:  Is your mind clear today?

18          THE DEFENDANT:  Yes.

19          THE COURT:  Do you understand what's happening in

20    these proceedings?

21          THE DEFENDANT:  Yes.

22          THE COURT:  Does either counsel have any doubt as to

23    Mr. Abraham's competence to plead guilty at this time?

24          MS. KAMAL:  No, your Honor.

25          MS. HARAMATI:  None, your Honor.

NAAGabrP

1              THE COURT:  On the basis of Mr. Abraham's responses to

2      my questions and my observations of his demeanor here in court

3      and representations of counsel, I find that he's fully

4      competent to enter an informed plea of guilty at this time.

5              Mr. Abraham, have you had enough time and opportunity

6      to discuss your case with your attorney?

7              THE DEFENDANT:  Yes.

8              THE COURT:  Have you discussed with her the nature of

9      the charge to which you intend to plead guilty and any possible

10     defenses you may have to that charge?

11             THE DEFENDANT:  Yes.

12             THE COURT:  Have you also discussed with her the

13     rights that you will be giving up and consequences of pleading

14     guilty?

15             THE DEFENDANT:  Yes.

16             THE COURT:  Are you satisfied with her representation

17     of you?

18             THE DEFENDANT:  Yes.

19             THE COURT:  So now I'm going to explain certain

20     constitutional rights that you have to you, these are rights

21     you will be giving up if you enter a guilty plea.

22             So first, under the Constitution and laws of the

23     United States, you have a right to plead not guilty to the

24     charge in the superseding information.

25             Do you understand that?

NAAGabrP

|   |   |
|---|---|
| 1 | THE DEFENDANT:  Yes. |
| 2 | THE COURT:  If you did plead not guilty, you would be |
| 3 | entitled under the Constitution to a speedy and public trial by |
| 4 | jury of those charges. |
| 5 | Do you understand that? |
| 6 | THE DEFENDANT:  Yes. |
| 7 | THE COURT:  In advance of trial, if you went to trial, |
| 8 | you would have the opportunity to seek suppression of any or |
| 9 | all of the evidence against you on the basis that it was |
| 10 | obtained in violation of the Constitution. |
| 11 | Do you understand that? |
| 12 | THE DEFENDANT:  Yes. |
| 13 | THE COURT:  At trial, again, if you chose to go to |
| 14 | trial, you would be presumed innocent, that means that you |
| 15 | would not have to prove that you were innocent.  Instead, the |
| 16 | government would need to prove your guilt beyond a reasonable |
| 17 | doubt before you could be found guilty.  So even if you did |
| 18 | nothing or said nothing at trial, you could not be convicted |
| 19 | unless a jury of 12 people agreed unanimously that you are |
| 20 | guilty. |
| 21 | Do you understand that? |
| 22 | THE DEFENDANT:  Yes. |
| 23 | THE COURT:  At trial, again, if you chose to go to |
| 24 | trial, the witnesses for the prosecution would have to come to |
| 25 | court and testify in your presence where you could see them and |

NAAGabrP

1    hear them and your lawyer could cross-examine them.

2         If you wanted to, your lawyer could offer evidence on

3    your behalf.  You would be able to use the Court's power to

4    compel witnesses to come to court, to testify truthfully in

5    your defense, even if they didn't want to come.

6         Do you understand that?

7         THE DEFENDANT:  Yes.

8         THE COURT:  At trial, again, if you went to trial, you

9    would also have the right to testify, if you wanted to.  But

10    you would also have the right not to testify.  And if you chose

11    not to testify, that could not be used against you in any way,

12    no inference or suggestion of guilt could be made from the fact

13    that you chose not to testify.

14         Do you understand that?

15         THE DEFENDANT:  Yes.

16         THE COURT:  At trial and at every stage of your case,

17    you would be entitled to be represented by an attorney.  If you

18    could not afford an attorney, one would be appointed at public

19    expense, meaning free of cost, to represent you.

20         Do you understand that?

21         THE DEFENDANT:  Yes.

22         THE COURT:  If you were convicted, if you went to

23    trial and you were convicted, you would have a right to appeal

24    that verdict to a higher court.

25         Do you understand that?

NAAGabrP

1          THE DEFENDANT:  Yes.

2          THE COURT:  As I said before, you have a right to

3     plead not guilty, even as you sit here right now, for purposes

4     of entering a guilty plea.  You have a right to change your

5     mind and to go to trial.  But if you do plead guilty and I

6     accept your guilty plea, there will be no trial and you'll be

7     giving up the rights that I just described.

8          Do you understander that?

9          THE DEFENDANT:  Yes.

10         THE COURT:  If you plead guilty, all that will remain

11    to be done is for me, for the Court, to impose sentence.  I'll

12    enter a judgment of guilty and I will sentence you on that

13    basis, after considering whatever submissions I get from your

14    lawyer and the government, as well as a presentence report

15    prepared by the probation department, but there will be no

16    appeal with respect to whether the government could use the

17    evidence it has against you or with respect to whether you did

18    or did not commit a crime.

19         Do you understand that?

20         THE DEFENDANT:  Yes.

21         THE COURT:  You also understand that if you do plead

22    guilty, that you'll be giving up your right not to incriminate

23    yourself because I'm going to ask you certain questions today

24    in order to assure myself that you are in fact guilty as

25    charged.

NAAGabrP

1              Do you understand that?

2              THE DEFENDANT:  Yes.

3              THE COURT:  Count One of the superseding indictment

4    charges you with conspiracy to commit wire fraud in violation

5    of Title 18, United States Code, Section 371.

6              Could the government please state the elements of the

7    offense in question.

8              MS. KAMAL:  Yes, your Honor.

9              The first element is that two or more individuals

10   agreed to engage in a scheme to defraud that involved the use

11   of interstate wires;

12             Second, that the defendant entered into that agreement

13   knowing its intent to defraud; and

14             Third, that at some point during the conspiracy,

15   during the charged period, at least one member performed an

16   overt act in furtherance of the agreement's objective.

17             The objective, wire fraud has elements of its own:

18             The first is that there was a scheme or artifice to

19   defraud or to obtain money or property by materially false and

20   fraudulent pretenses, representations or promises;

21             Second, that the defendant knowingly participated in

22   the scheme or artifice to defraud with knowledge of its

23   fraudulent nature and with specific intent to defraud; and

24             Third, in executing that scheme, the defendant used or

25   caused the use of interstate wires.

NAAGabrP

1          THE COURT:  Thank you.

2          Mr. Abraham, if you were to go to trial, the

3 government would need to prove all of that to a jury before you

4 could be convicted.

5          Do you understand that?

6          THE DEFENDANT:  Yes.

7          THE COURT:  Now, I'm going to discuss the maximum

8 penalties.  The maximum means the most that could possibly be

9 imposed.  It doesn't necessarily mean it's the sentence you

10 will receive.  But you have to understand that by pleading

11 guilty, you are exposing yourself to the possibility of

12 receiving any combination of punishments up to the maximums I'm

13 about to describe.

14          With respect to your liberty, the maximum term of

15 imprisonment for this crime is five years in prison.

16          Do you understand that?

17          THE DEFENDANT:  Yes.

18          THE COURT:  Any term of imprisonment may be followed

19 by a term of supervised release of up to three years.

20 Supervised release means that if you are sentenced to prison,

21 when you are released from prison, you will be subject to the

22 supervision by the probation department.  It's kind of like

23 probation, if you don't go to prison.  But if you do go to

24 prison and are on supervised release afterwards, you will be

25 required to follow certain rules and if you violate those

NAAGabrP

1    rules, you can be returned to prison without a jury trial to

2    serve additional time, even beyond your original sentence.

3              Do you understand all of that?

4              THE DEFENDANT:  Yes.

5              THE COURT:  You should also understand that there's no

6    parole in the federal system.  So if you are sentenced to

7    prison, you will not be released early on parole, although

8    there is a limited opportunity to earn credit for good

9    behavior.

10             Do you understand that?

11             THE DEFENDANT:  Yes.

12             THE COURT:  In addition to these restrictions on your

13   liberty, the punishment for this crime includes certain

14   financial penalties.  The maximum allowable fine is $250,000,

15   twice the gross pecuniary gain derived from the offense or

16   twice the gross pecuniary loss to persons other than yourself

17   resulting from the offense.

18             Do you understand that?

19             THE DEFENDANT:  Yes.

20             THE COURT:  I'm also required to impose a mandatory

21   special assessment of $100.

22             Do you understand that?

23             THE DEFENDANT:  Yes.

24             THE COURT:  In addition, I must order restitution to

25   any persons or entities injured as a result of your criminl

NAAGabrP

1    conduct and I can order you to forfeit all property derived

2    from the offense or used to facilitate the offense.

3           Do you understand that those are the maximum penalties

4    for this offense?

5           THE DEFENDANT:  Yes.

6           THE COURT:  Is Mr. Abraham being prosecuted or, as far

7    as you know, investigated elsewhere?

8           MS. KAMAL:  No, your Honor.

9           THE COURT:  You should be aware that the punishments I

10   just described are those that may be part of a sentence, but

11   being convicted of a felony may have other consequences.

12          Are you a United States citizen?

13          THE DEFENDANT:  Yes.

14          THE COURT:  Then you should understand that, as a

15   result of your guilty plea, you may lose certain valuable civil

16   rights, to the extent that you have them now, such as the right

17   to vote, the right to hold public office, the right to serve on

18   a jury and the right to possess any kind of firearm.

19          Do you understand that?

20          THE DEFENDANT:  Yes.

21          THE COURT:  Now, in imposing sentence, federal judges

22   are required to consider recommendations of the federal

23   sentencing guidelines.  The guidelines are a complicated set of

24   rules for determining an appropriate sentence.  Although judges

25   must take into account the sentencing guidelines in determining

NAAGabrP

1   a sentence, in the end, the judge is required to give the

2   sentence she believes best satisfies the purpose of the

3   criminal law, as set forth in a provision of the law, it's 18,

4   United States Code, Section 3553(a), even if that's higher or

5   lower than the guidelines recommendation.

6          Have you discussed the sentencing guidelines with your

7   attorney?

8          THE DEFENDANT:  Yes.

9          THE COURT:  And do you understand that they're only

10  recommendations to the Court?

11         THE DEFENDANT:  Yes.

12         THE COURT:  Now, I understand that you have entered

13  into a written plea agreement with the government; is that

14  correct?

15         THE DEFENDANT:  Yes.

16         THE COURT:  So I have what appears to be an original

17  agreement.  It's dated September 19th.  And I'm marking it as

18  Court Exhibit 1.  And I'm just going to ask my deputy to show

19  it to you.

20         Is that the plea agreement that you entered into with

21  the government?

22         THE DEFENDANT:  Yes.

23         THE COURT:  And before signing this, did you read it?

24         THE DEFENDANT:  Yes.

25         THE COURT:  And did you discuss it with your attorney?

NAAGabrP

1          THE DEFENDANT:  Yes.

2          THE COURT:  I realize that it's a somewhat lengthy

3    document, it contains some technical legal language, but after

4    discussing it with your attorney, do you understand all of the

5    terms of the agreement?

6          THE DEFENDANT:  Yes.

7          THE COURT:  I'm going to ask the government to

8    summarize the primary terms of the agreement, please.

9          MS. KAMAL:  Yes.  The primary terms of the agreement

10   require the defendant to waive -- well, first, that the

11   defendant stipulates to a guideline calculation that is set

12   forth at page 2 and 3 of the agreement.  I would note here that

13   the guideline calculation is also -- the agreement provides

14   that, in light of a pending amendment to the sentencing

15   guidelines, if the defendant is determined to qualify under

16   that amendment for a further reduction in the offense level,

17   the plea agreement provides for him to receive the benefit of

18   that offense level reduction.  The plea agreement requires that

19   the defendant waive any right to appeal a sentence that is

20   within the stipulated guidelines range.  It also requires that

21   the defendant stipulate to a fine range that is set forth in

22   the agreement, which is also on page 3.  I believe those are

23   the material terms for the purposes of the plea proceeding,

24   your Honor.

25         THE COURT:  So I'm just going to go over one or two of

NAAGabrP

1    those.

2           The range that you have agreed to with the government,

3    the stipulated guidelines range, is 37 to 46 months in prison.

4    That means that neither you nor the government can argue for a

5    different guidelines calculation, with the exception of the one

6    particular provision that the prosecutor just mentioned, but

7    you can still seek a sentence outside that range.

8           Do you understand that?

9           THE DEFENDANT:  Yes.

10          THE COURT:  But you should understand that this

11   agreement doesn't bind me in any way.  I'm going to do my own

12   independent calculation of the guidelines and then determine

13   what an appropriate sentence is.  I'm not saying I will come up

14   with a range, but even if I do, that wouldn't be a basis for

15   you to withdraw your plea.

16          Do you understand that?

17          THE DEFENDANT:  Yes.

18          THE COURT:  Do you also understand that you are giving

19   up your right to appeal or otherwise challenge your sentence so

20   long as I sentence you within or below that stipulated

21   guidelines range?

22          So if I sentence you to more than 46 months in prison,

23   you have the right to appeal or otherwise challenge your

24   sentence.  But if I sentence you to 46 months or less, you

25   can't appeal or otherwise challenge your sentence under this

NAAGabrP

1    agreement.

2            Do you understand that?

3            THE DEFENDANT:  Yes.

4            THE COURT:  And you are also giving up other rights in

5    this agreement, including to challenge your conviction or

6    sentence on the ground that the government has failed to

7    produce any discovery material or Jencks Act or Brady material

8    that it hasn't produced as of signing this agreement.

9            Do you understand that?

10            THE DEFENDANT:  Yes.

11            THE COURT:  Did you willingly sign this plea

12    agreement?

13            THE DEFENDANT:  Yes.

14            THE COURT:  Has anyone threatened, bribed or forced

15    you to sign the plea agreement or to plead guilty?

16            THE DEFENDANT:  No.

17            THE COURT:  Other than what's in the plea agreement,

18    has anyone offered you any inducement to plead guilty?

19            THE DEFENDANT:  No.

20            THE COURT:  Has anyone made any promises to you as to

21    what your sentence will be?

22            THE DEFENDANT:  No.

23            THE COURT:  I just ask that because I want to make

24    sure you understand that, even if someone attempted to predict

25    what your sentence would be, that that prediction could be

NAAGabrP

```
 1    wrong.  No one knows what your sentence will be today.  I don't
 2    know, the prosecutor doesn't know, your lawyer doesn't know.
 3    That's not going to be determined until I receive a presentence
 4    report from the probation department, I consider the arguments
 5    of all the lawyers, I calculate the guidelines, and then at
 6    that point decide what an appropriate sentence would be.  So I
 7    just want to make sure that you understand that, even if your
 8    sentence is different from what you had hoped for or expected,
 9    that that's not a basis to withdraw your plea.
10            Do you understand that?
11            THE DEFENDANT:  Yes.
12            THE COURT:  I also see you have signed a consent
13    preliminary order of forfeiture, it's to specific
14    property/money judgment.
15            Did you sign this document?
16            THE DEFENDANT:  Yes.
17            THE COURT:  Among other things, in this agreement, you
18    have agreed to forfeit a sum of money equal to $967,696 in
19    United States currency representing proceeds traceable to the
20    commission of the offense and all right, title and interest in
21    the following specific property, and then it lists specific
22    property; $650,119.71 in a JPMC bank number, $22,442.50 also on
23    deposit at that bank, and $150,000.91 on deposit also at the
24    same bank.
25            Did you knowingly and willingly sign this consent
```

NAAGabrP

1    preliminary order of forfeiture and agree to forfeit the

2    property noted herein?

3              THE DEFENDANT:  Yes.

4              THE COURT:  So now that you have been advised of the

5    charge against you and the possible penalties that you face and

6    the rights that you are giving up, is it still your intention

7    to plead guilty?

8              THE DEFENDANT:  Yes.

9              THE COURT:  Now, I'm going to ask you the official

10   question:  With respect to Count One of the superseding

11   information, how do you plead?

12             THE DEFENDANT:  Yes.

13             THE COURT:  Do you plead guilty or not guilty?

14             THE DEFENDANT:  Yes, guilty.

15             THE COURT:  And do you admit to the forfeiture

16   allegation in the superseding information?

17             THE DEFENDANT:  Yes.

18             THE COURT:  Now, tell me, just in your own words, what

19   you did that makes you believe that you are guilty of this

20   crime.

21             MS. HARAMATI:  Your Honor, Mr. Abraham has prepared

22   something written that he's going to read.

23             THE COURT:  That's fine.

24             THE DEFENDANT:  During the time charged in the

25   information --

NAAGabrP

| | |
|---|---|
| 1 | THE COURT:  I'm sorry, if you can speak very loudly |
| 2 | and clearly and slowly, please.  It can be difficult to hear |
| 3 | with the high ceilings in the courtroom.  Thank you. |
| 4 | THE DEFENDANT:  During the time charged in the |
| 5 | information, I agreed with others to participate in a scheme to |
| 6 | defraud Amazon by shipping materials in different quantities |
| 7 | and for different prices than what Amazon has ordered.  I did |
| 8 | this in order to receive money from Amazon that I knew I was |
| 9 | not legitimately entitled to.  I understand that the payment |
| 10 | from Amazon came through a bank located within Manhattan. |
| 11 | This was wrong.  I will never engage in this kind of |
| 12 | conduct ever again.  I'm sorry for my actions. |
| 13 | THE COURT:  And when you did this, did you know that |
| 14 | what you were doing was wrong and was illegal? |
| 15 | THE DEFENDANT:  Yes. |
| 16 | THE COURT:  And tell me, again, when was this? |
| 17 | THE DEFENDANT:  2027 and 2019. |
| 18 | THE COURT:  2017 and 2019; is that correct? |
| 19 | THE DEFENDANT:  Yes. |
| 20 | THE COURT:  Are there additional questions that the |
| 21 | government would like me to ask? |
| 22 | MS. KAMAL:  No.  Thank you, your Honor. |
| 23 | THE COURT:  Can you please summarize what the |
| 24 | government's evidence would be if you were to go to trial. |
| 25 | MS. KAMAL:  Yes. |

NAAGabrP

1          If the government were to go to trial, the government

2     would offer evidence of communications between this particular

3     defendant -- but all defendants -- regarding their coordination

4     and trading tactics and advice on how best to defraud the

5     victim.  The government would also offer records from Amazon

6     reflecting the original amounts, the original products in the

7     original quantities and at the original prices that the company

8     intended to order from the defendants and the records

9     reflecting what items it actually received.  The government

10    would also offer other types of documentary evidence, including

11    records of bank transfers that would attest to the amounts that

12    the defendant and his coconspirators received as a result of

13    the scheme.

14          THE COURT:  Do both the government and defense counsel

15    agree that there's a sufficient factual predicate for the

16    guilty plea?

17          MS. KAMAL:  Yes, your Honor.

18          MS. HARAMATI:  Yes, your Honor.

19          THE COURT:  Mr. Abraham, because you acknowledge you

20    are in fact guilty as charged in the superseding information

21    and because I'm satisfied that you understand your rights,

22    including your right to go to trial, and that you are aware of

23    the consequences of your plea, including the sentence which may

24    be imposed and because I find that you are knowingly and

25    voluntarily pleading guilty, I accept your plea to Count One of

NAAGabrP

1    the superseding information.

2           The probation department will want to interview you in

3    connection with a presentence report that it will prepare.

4           Counsel, would you like to be present at the

5    interview?

6           MS. HARAMATI:  Yes, your Honor.

7           THE COURT:  Thank you.

8           If you speak to the probation department, just make

9    sure everything you say is truthful and accurate.  I will read

10   the presentence report very carefully before imposing sentence,

11   so you should review it.  And if there's anything in it that's

12   in error, please raise it with your attorney so she can raise

13   it with me.

14          And then we set a sentencing date for March 21st at

15   11:30 a.m.

16          The government shall provide the probation office with

17   its factual statement within one week.  And defense counsel

18   shall arrange for the defendant to be interviewed by the

19   probation department within the next two weeks.

20          I do want to make sure that counsel are familiar with

21   my individual rules and practices in criminal cases.  They are

22   on the court website.  They contain some rules regarding

23   sentencing submissions.  In accordance with those rules,

24   defense submissions are due two weeks prior to sentencing and

25   the government's submission one week prior to sentencing.

NAAGabrP

1          Does the government have any objection to continuing

2   the current conditions of bail?

3          MS. KAMAL:  No, your Honor.

4          THE COURT:  So they will be continued.

5          Mr. Abraham, all the conditions on which you were

6   released up to now will continue until sentence.  But any

7   violation of those conditions can have serious consequences,

8   including revocation of your bail and prosecution of you for

9   bail jumping.  So you must be in this court at the time of

10  sentencing or, to the extent that it's adjourned, at the time

11  to which it's adjourned.  I just want to make sure you

12  understand that.

13         Do you understand that, sir?

14         THE DEFENDANT:  Yes.

15         THE COURT:  Are there any applications at this time?

16         MS. KAMAL:  Not from the government.  Thank you, your

17  Honor.

18         MS. HARAMATI:  Nothing from the defense.  Thank you,

19  your Honor.

20         THE COURT:  Thank you.  We are adjourned.

21         (Adjourned)

22

23

24

25